Nicholas C. Inman
State Bar No. 00787747§
ALLMAND LAW FIRM, PLLC
860 Airport Fwy, Ste 401
Hurst, Tx 76054
214-265-0123 Phone
214-265-1979 Fax
ATTORNEY FOR PLAINTIFF

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| DOUGLAS ALVIN FRANCIS | § | Case No. 21-51318-7 |
| MARYLYNN CRAVOTTA FRANCIS | § | Chapter 7 |
| Debtor(s) | § | |
| | | |
| MARYLYNN CRAVOTTA FRANCIS | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Adversary No. |
| | § | |
| FedLoan Servicing, Educational Credit | § | |
| Management Corporation, Navient | § | |
| Solutions, LLC,  and the United States | § | |
| Department of Education, | § | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF**
**DEBT PURSUANT TO SECTION 523(a)(8)**

TO THE HONORABLE JUDGE OF THIS COURT:

MARYLYNN CRAVOTTA FRANCIS ("Debtor" or "Plaintiff"), files this Complaint to

determine the Dischargeability of certain student loan obligations owed to FedLoan Servicing

("FedLoan"), Educational Credit Management Corporation ("ECMC"), Navient Solutions, LLC

("Navient"), and the United States Department of Education ("US DOE"):

**I.**

**JURISDICTION**

1.      This Court has jurisdiction over this matter pursuant to 11 U.S.C § 105 and 28

U.S.C. § 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C § 157(b).

## II.

## PARTIES

2.      Plaintiff Marylynn Cravotta Francis is one of the joint debtors in the above referenced bankruptcy case.

3.      Pennsylvania Higher Education Assistance Agency dba FedLoan ("FedLoan") is the servicer of student loans. FedLoan may be served by First Class Mail at its principal place of business at PHEAA, PO Box 8147, Harrisburg, PA 17105.

4.      Educational Credit Management Corporation ("ECMC")  is the holder, guarantor or servicer of student loans at issue herein. ECMC may be served by First Class Mail at its principal place of business 111 Washington Avenue South, Suite 1400, Minneapolis, MN 55401.

5.      Upon information and belief, Navient Solutions, LLC  is successor in interest to Sallie Mae, Inc. Navient Solutions, LLC is a corporation that may be served with process through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Ste 620 , Austin, Tx 78701-3218.

6.      United States Department of Education ("US DOE") is the holder of certain student loans at issue herein. Under 34 C.F.R § 4.1, the Secretary of Education may be served by First Class Mail through the General Counsel or a Deputy General Counsel at 400 Maryland Avenue SW, Washington, DC 20202.

## III.

## PROCEDURAL BACKGROUND

7.      Debtors filed their Chapter 7 Petition on or about 10/28/21 ("Petition Date").

8.      Debtors received their Chapter 7 Discharge on 2/3/22. See Docket 15.

9.      Among the Debts scheduled by Debtors were student loans incurred by Debtor Marylynn Francis.

**IV.**

**STUDENT LOANS**

10.      In November 2017, Debtor Marylynn Francis obtained her Bachelor of Applied Science, Major Business Administration, from Wayland Baptist University. Prior to attending Wayland Baptist University, Debtor attended San Antonio College. To fund her studies, Debtor borrowed federally guaranteed student loans under the Direct Loan Program between 2009 and 2017 (as more specifically described below, the "Student Loans").

11.      Debtor obtained nine (9) student loans through the Direct Loan Program between 2009 and 2017. See Loan Summary attached as Exhibit A. Seven (7) of these loans are held by the US DOE and currently serviced by FedLoan. Two (2) of these loans were previously serviced by Sallie Mae, Inc. Upon information and belief, Navient is the successor and current servicer of these loans. The original principal balance of these loans totaled approximately $40,000.00. Upon information and belief, the current outstanding balance exceeds $75,434.00, including accrued interest and penalties.

12.      Despite her best efforts, Debtor has not been successful in obtaining employment utilizing her degree. She was previously employed as an appraiser by the Central Appraisal District of Bandera County from 2012- 2016. She obtained her license from the Texas Department of Licensing and Regulation in March 2016. Shortly, thereafter she was terminated by the District.

13.      As an employee of the State, Debtor was eligible for the Student Loan Forgiveness Program. Debtor intended to make her student loan payments for the requisite period, then she would be eligible for forgiveness of the remaining debt. Since Debtor has not been able to obtain

further employment with the State, she is not currently eligible for this program. Despite her challenge to obtain employment in her designated profession, Debtor has made her best efforts to repay her loans in the (4) years since her graduation. She has made periodic payments to the servicing agent, pursuant to Income Based Repayment Plan (IBR). Debtor has also been granted deferral or forbearance, including forbearance resulting from COVID crisis.

14.     Debtor is now 62 years old. Debtor has attempted in good faith to repay her student loans. However, the amount of the indebtedness relative to her income level has not resulted in repayment; but rather, the debt has actually increased through interest accrual while the loans were in hardship deferrals or otherwise in repayment status.

15.     Debtor seeks to discharge the Student Loans as an undue hardship. As indicated above, the Debtor made periodic payments as best she could. Despite such efforts, her obligation remains outstanding with a balance exceeding $75,000.00. Debtor is now 62 years old; her husband is 65 years old, and has fixed income on social security. Based upon Debtor's employment and income history, she simply cannot pay the loans in full, and meet ordinary living expenses. Thus, Debtor seeks to have the Student Loans declared dischargeable pursuant to Section 523(a)(8).

**V.**

Debtor incorporates and realleges her allegations set forth in paragraphs 1 through 15 above.

A. **The Debtor should be granted a Hardship Discharge under Section 523(a)(8)**

16.     Debtor seeks to discharge the Student Loans as an undue hardship. Debtor Marylynn Francis incurred the Student Loans attending San Antonio College and Wayland Baptist University from 2009-2017. Debtor made periodic payments over  four (4) years, but the outstanding balance remainst over $75,000. Debtor is now 62 years old. Based upon her

employment and income history, she simply cannot pay the Student Loans in full, and meet ordinary living expenses. Thus, Debtor seeks to have the Student Loans declared dischargeable pursuant to 523(a)(8).

WHEREFORE, PREMISES CONSIDERED , the Debtor requests declaratory judgment that the Student Loans are an undue burden under Section 523(a)(8) and have been discharged.

Respectfully submitted,

/s/ Nicholas C. Inman
Nicholas C. Inman
State Bar No. 00787747
ALLMAND LAW FIRM, PLLC
860 Airport Fwy, Ste 401
Hurst, Tx 76054
214-265-0123 Phone
214-265-1979 Fax
ATTORNEY FOR PLAINTIFF